1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **TINA BAUGHMAN,**<br>　　　　**Plaintiff,**<br><br>　　**vs.**<br><br>**WALT DISNEY WORLD COMPANY,**<br>　　　　**Defendant.** | **Case No.: SACV 07-01108-CJC(MLGx)**<br><br><br>**ORDER DISMISSING CASE** |

　　　　Plaintiff Tina Baughman brought this action against Defendant Walt Disney World Co. ("Disney") under the Americans with Disabilities Act ("ADA") and California state law, seeking a modification of Disney's policy prohibiting Segway use at its Disneyland park.  On September 28, 2012, Disney moved to dismiss the case, arguing that Ms. Baughman's claims were barred by a settlement agreement of a class action lawsuit against Disney brought before a district court in the Middle District of Florida (the "Settlement Agreement").  (Dkt. No. 78.)  The Settlement Agreement was approved by

the district court, *Ault v. Walt Disney World Co.*, No. 6:07-CV-1785-ORL31KR, 2011 WL 1460181 (M.D. Fla. Apr. 4, 2011), and the district court's decision was affirmed by the Eleventh Circuit, *Ault v. Walt Disney World Co.*, 692 F.3d 1212 (11th Cir. 2012). Although the Court noted that Ms. Baughman's claims are barred by the terms of the Settlement Agreement, the Court declined to dismiss this case because the Settlement Agreement would not become finalized until the Supreme Court denied certiorari of the Eleventh Circuit's decision.  (Dkt. No. 88.)  The Court instead stayed the case pending the Supreme Court's decision.  (*Id.*)  On April 15, 2013, the Supreme Court denied certiorari, thereby finalizing the Settlement Agreement.  *See Miller v. Walt Disney World Co.*, --- S.Ct. ----, 2013 WL 140294 (Apr. 15, 2013).  Accordingly, pursuant to the October 22, 2012 Order, the Court **DISMISSES** this case.[1]


DATED:     May 20, 2013

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1]  If Ms. Baughman believes that she is entitled to attorneys' fees, despite her earlier misrepresentations to the Court, the Court retains jurisdiction to hear such motions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending.  For example, district courts may award costs after an action is dismissed for want of jurisdiction."); *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("[A]ncillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation."); *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003) ("Whenever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees.").